ROSEMARY LEDET, Judge.
I!This is a personal injury case. The plaintiff allegedly was injured when she fell from the steps of her trailer. She filed this suit against the contractor who installed the trailer. The contractor, in turn, filed a third party demand against the subcontractor and its insurer. After the plaintiffs claims were settled, the contractor, subcontractor, and insurer filed cross-motions for summary judgment. From the trial court’s judgment granting the subcontractor’s and insurer’s motions for summary judgment, the contractor appeals. For the reasons that follow, we affirm the trial court’s judgment granting the insurer’s motion, but reverse the trial court’s judgment granting the subcontractor’s motion.
FACTUAL AND PROCEDURAL BACKGROUND
Following Hurricanes Katrina and Rita, the Federal Emergency Management Agency (“FEMA”) retained the contractor, Fluor Enterprises, Inc. (“Fluor”), to transport and install FEMA trailers. Fluor retained subcontractors to perform the actual transporting and installing of the trailers .through a contract referred to as a Blanket Ordering Agreement (the “BOA”). The BÓA provided, among other lathings, that the subcontractors would defend and indemnify Fluor from all liability arising *793 from the subcontractors’ work, name Fluor as an additional insured on their general liability policy using a specific ISO additional insured endorsement, and guarantee their work and materials for twenty-four months.
One of Fluor’s subcontractors, Bobby Reavis Contracting, Inc. (“Reavis”) installed a FEMA trailer for Connie Chatelain. On July 27, 2006, Ms. Chatelain was injured when she fell exiting her FEMA trailer. On February 1, 2007, Ms. Chatelian filed suit against the contractor, Fluor, and its unknown subcontractor, Reavis. She alleged that her injury resulted from defects and deficiencies in the prefabricated steps selected and installed with her FEMA trailer.
On December 20, 2007, Fluor tendered Ms. Chatelain’s claim to Reavis and Reav-is’ insurer, Guilford Insurance Company (“Guilford”), for defense and indemnification. After the tender was rejected, Fluor filed a third-party demand seeking’indemnification, reimbursement of all legal expenses, and damages for insurer misconduct.
Thereafter, Guilford settled Ms. Chate-lain’s claims, leaving only Fluor’s indemnity, defense, and insurer misconduct claims against Reavis and Guilford pending. The parties filed cross-motions for summary judgment on the issues regarding the interpretation of the indemnity and defense provisions of the BOA and the Additional Insured Endorsement of the Guilford policy. Following a hearing, the trial court rendered judgment granting Reavis’ and Guilford’s motions, denying Fluor’s motion, and dismissing Fluor’s claims. This appeal followed. •
I «STANDARD OF REVIEW
The standard of review of a trial court’s ruling granting a motion for summary judgment is well settled. This court has summarized the standard of review as fob-lows:
Appellate' courts review the grant or denial' of a motion for summary judgment de novo, using the same' criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together-with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff[’]s cause of action’ under the applicable theory of recovery;' a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal, dispute. A genuine issue is one as to which reasonable persons. could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish these ends.
Mandina, Inc. v. O’Brien, 13-0085, p. 9 (La.App. 4 Cir. 7/31/13), 156 So.3d 99,104-05 (collecting cases).[1]
*794 Two other settled principles are applicable in this case. First, “when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate.” Held v. Four Corners Const., L.P., 12-1504, p. 16 (La.App. 4 Cir. 6/5/13), 157 So.3d 702, 714 (citing Sims v. Mulhearn Funeral Home, Inc., 07-0054, p. 10 (La.5/22/07), 956 So.2d 583, 590). As a general rule, the interpretation of a contract is a question of law. Held, 121504 at p. 16, 157 So.3d at 714 (citing Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 749-50).
Second, “[wjhether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework of a motion for summary judgment.” Orleans Parish Sch. Bd. v. Lexington Ins. Co., 12-1686, p. 9 (La.App. 4 Cir. 6/5/13), 118 So.3d 1203, 1212 (citing Sumner v. Mathes, 10-0438, p. 6 (La.App. 4 Cir. 11/24/10), 52 So.3d 931, 935). As a general rule, “the interpretation of an insurance policy is a question of law.” Lexington, 12-1686 at p. 9, 118 So.3d at 1212 (citing Armenia Coffee Corp. v. American Nat’l Fire Ins. Co., 06-0409, p. 6 (La.App. 4' Cir. 11/21/06), 946 So.2d 249, 253).
DISCUSSION
Although Fluor asserts multiple assignments of error against both Reavis and Guilford, the narrow issue presented by this appeal is whether the trial court erred in granting Reavis’ and Guilford’s motions for summary judgment. Resolution of this issué turns on the interpretation of the language in the following two agreements:
• The BOA, which is the-governing contract between Fluor and Reavis; and
• The Additional Insured Endorsement (“Endorsement”), which is the governing contract between Fluor and Guil-ford.
|^Although both the BOA and the Endorsement contain the phrase “arising out of,” each agreement contains different modifying language after that phrase. In the BOA, the modifying language is “in the performance of the work;” in the Endorsement, the modifying language is “ongoing operations.” As explained below, we find that the different language dictates a different result as to each defendant.
The BOA — Fluor and Reavis
The BOA between Fluor and Reav-is is' not an 'individual contract for the delivery and installation of Ms. Chatelain’s trailer. Nor is the BOA a series of individual contracts for delivery of trailers; rather, it is a single contract encompassing all of Reavis’ work delivering and installing FEMA trailers in the aftermath of Hurricanes Katrina and Rita. As its name— Blanket Ordering Agreement — implies, the agreement provides a schedule of rates for various services that Fluor could order from Reavis. It further defines Reavis’ “Work” as all services provided for Fluor until the BOA is terminated.
Section 12,0 of the BOA sets forth Reav-is’ indemnity obligations to Fluor. Section 12.1.2 of the BOA provides that Reavis agrees to defend, indemnify, and hold Fluor harmless from:
[Ijnjury to -or death of persons ... arising directly or indirectly out of the acts or omissions to act of Contractor [Reav-is] ... in the performance of the Work, but excepting where the injury or death of persons .,. was caused by the sole *795 negligence or -willful misconduct of the party to be indemnified.
| Jn dismissing Fluor’s claims against Reavis, the trial court interpreted the language in the BOA limiting Reavis’ defenses and indemnity obligations to liability arising out of Reavis’ acts and omissions in the performance of its work as imposing a temporal requirement. The trial court thus found that, in this case, the language limited those obligations to claims arising during Reavis’ performance of its transportation and installation of Ms. Chate-lain’s trailer. Fluor contends that the trial court’s interpretation ignores the actual contract language. It further contends that the trial court’s interpretation conflicts with controlling Louisiana Supreme Court precedent interpreting such “arising out of’ language as imposing a causation, as opposed to a temporal, requirement. We agree.
The Louisiana Supreme Court has interpreted the phrases “arising out of the performance of a contract” or “arising out of performance of the work” in contractual indemnification provisions -as limiting the indemnity obligation to those acts and omissions having a minimal causal connection to contract performance. Perkins v. Rubicon, 563 So.2d 258 (La.1990); Berry v. Orleans Parish Sch. Bd., 01-3283 (La.6/21/02), 830 So.2d 283. A requirement in an indemnity agreement that the claim arise out of the contractor’s performance of the contract thus has been- interpreted to mean “a connexity similar to that required for determining cause-in-fact: Would the particular injury have occurred but for the performance of the work under the contract?” Klutz v. New Orleans Pub. Facility Mgmt., Inc., 05-0327, p. 5 (La. App. 4 Cir. 12/21/05), 921 So.2d 1021, 1024 (citing Perkins, 563 So.2d at 259); see also Berry, 01-3283 at p. 6, 830 So.2d at 287.
|7As noted earlier, Ms. Chatelain alleged in her petition that her injury resulted from defects and deficiencies in the prefabricated steps installed with her FEMA trailer. Reavis selected, purchased; and installed-those steps as part of its performance of transportation and installation work for Fluor under the BOA. But for Reavis’ performance of its work under the BOA, Ms. Chatelain’s injury would not have occurred. The requirement of a minimal causal connection -between Reavis’ work under the BOA and Ms. Chatelain’s injury thus is satisfied. At a minimum, there are genuine issues of material fact as to whether Fluor can prevail on its claim against Reavis.. The trial court thus erred in granting Reavis’ motion for summary judgment and dismissing Fluor’s claims against Reavis.
The Endorsement — Fluor and Guilford
" The Endorsement in the Guilford policy provides coverage to Fluor for “liability arising out of-your [Fluor’s] brigbing operations performed for that insured [Reavis].” In granting Guilford’s motion for summary judgment, the trial court reasoned that “the policy states that the additional insured (Fluor) will be considered an insured with respect to the ongoing operations performed by Reavis in- connection with the supervision of, such - (ongoing) operations.” The trial court further reasoned that the Endorsement excludes “any coverage to Fluor if it is negligent and further states that the duty to defend is also not provided if Fluor is negligent.” The trial court noted that Ms. Chatelain alleged in her petition that,Fluor’s negligence was a cause of her accident. The trial court still .further reasoned as follows:
|sAs- negligence was alleged, the critical question for determination of coverage and the duty to defend becomes whether the alleged negligence arose out of the “ongoing operations performed *796 for that /insured.” The uncontroverted testimony was that the work on the Glm-telain toiler-was completed, inspected and approved by Fluor six months prior to the accident in question. .The facts in this .matter dictate that the additional insured endorsement was no longer in effect at the time of the accident. The policy only provided coverage for the additional insured during the “ongoing operations." Therefore, no coverage is available to Fluor from the Guilford policy and Guilford has no duty to defend.
On appeal, Fluor contends that the trial court misinterpreted the Endorsement as imposing a temporal 'requirement that the claims arise while'Reavis was actively performing its work'oii Ms. Chatelain’s toiler. Fluor contends that Ms. Chatelain’s injury was causally related to Reavis’ installation of the toiler.- Fluor emphasizes that when Ms.. Chatelain was injured, the contract between it and Reavis remained in,effect;- pursuant to the contract, Reavis was still actively transporting and installing toilers. .
Fluor further contends that the trial court’s holding imposing a temporal requirement is inconsistent with this court’s holding in Jones v. Capitol Enterprises, Inc,, 11-0956 (La.App. 4 Cir. 5/9/12), 89 So.3d 474. Fluor contends the Jones case supports a causal interpretation of the “arising' out of ongoing operations” policy language. According to Fluor, “there are multiple reasonable interpretations of the ‘arising out of ongoing operations’ policy language,” which compels an interpretation that affords coverage. Stated another way, Fluor’s position is that the phrase “arising out of [Reavis’] ongoing' operations” could refer to either a temporal or causal requirement. Fluor thus contends that the contract is ambiguous and, .as in the Jones case, should be construed in favor of coverage.
I pin the Jones case, this court addressed whether an additional insured provision restricting coverage to liability “arising out” of the named insured’s “work” extended to the additional insured’s own negligence. Jones, 11-0956 at p. 16, 89 So.3d at 486. This court noted that “[t]he majority of courts have construed this kind of additional insured endorsement broadly ‘giving it a causal interpretation.’ ” Jones, 11-0956 at pp. -16-17, 89 So.3d at 486. Construing the language broadly, this court held that extending coverage to the additional insured’s own negligence was consistent with Louisiana jurisprudence. Jones, 110956 at p. 17, 89 So.3d at 487.
Fluor’s reliance 'on the Jones case is misplaced. The issue presented in this case is different from the issue presented in the Jones case. The issue presented hére turns on the interpretation of the “ongoing operations” clause of the additional insured endorsement — “liability arising out of your [Fluor’s] ongoing operations performed for that insured [Reavis].” The issue is whether “ongoing operations” can be construed encompass liability arising after the insured’s work was completed. Answering that question in the negative, the federal Fifth Circuit in Carl E. Woodward, L.L.C. v. Acceptance Indem., Ins. Co., 743 F.3d 91, 98, reh’g denied, 749 F.3d 395 (5th Cir.2014), held that there was no coverage for the additional insured when the liability arose out of completed— as opposed to ongoing — operations.
Addressing the meaning of “ongoing operations,” the court in the Woodward case stated as follows:
[^Neither “ongoing- operations” nor “completed operations” is defined in the policy. However, “ongoing’ is. generally defined as “that [which] is going on: a: that [which] is actually in process ... b: that [which] is continuously moving forward.” Webster’s Third New Interna *797 tional Dictionary 1576 (2002) (Webster’s 2002).
By contrast, “complete” is generally defined as “[Wrought to an end or to a final or intended condition; concluded; completed; as, the edifice is complete.’’ Webster’s New International Dictionary 456 (1927) (emphasis in original) (Webster’s 1927).
Woodward, 743 F.3d at 99 (citing Weitz Co., LLC v. Mid-Century Ins. Co., 181 P.3d 309, 813 (Colo.App.2007)). The court in the Woodward case thus held that “claims for liability can be brought after ongoing operations are complete, but- the underlying liability cannot be due to the ‘completed operations.’ ” 743 F.3d at 99 (citing Noble v. Wellington Associates, Inc., 145 So.3d 714 (Miss.Ct.App.2013)); see also Weitz, supra.
. Given that ongoing operations cannot encompass liability arising after the insured’s, work was completed, Fluor’s claims arising out of Ms. Chatelain’s injury cannot be covered under the Endorsement. Reavis’ work on, Ms. Chatelain’s trailer was completed and accepted by Fluor , at the time of her injury.[2] We, thus find the trial court did not err in granting Guil-ford’s motion for summary judgment.

U,DECREE

For the foregoing reasons, the trial court’s judgment granting summary judgments in favor of Reavis is reverséd. In all other respects, the trial court’s judgment is affirmed. This matter is remanded to the trial court for. further proceedings consistent with this opinion.- .

AFFIRMED IN PART; REVERSED IN PART; AND DEMANDED

McKAY, C.J., concurs in part and dissents in part:
TOBIAS, J., concurs in part and ■ dissentsdn part. ,
LOMBARD, J., concurs in part and dissents in part for the reasons assigned by C. J. McKAY.
DYSART, J., concurs in part, and dissents in part, with reasons.
LOMBARD, J., concurs in part and dissents in part for the reasons assigned by C.J. McKAY.

. Although the .summary judgment law — La, C.C.P, art. 966 — has been amended multiple *794 times in the past few years, the amendments are not material to our analysis in this case.

. Section V(16) of the Guilford policy defines "completed work” as follows:
"[Yjour work” will be deemed completed at the earliest of the following times:
(a) When all the work called for in your contract has been completed
(b) When all work to be done at a job site has been completed if your contract calls for work at more than one job site
(c)When the part of the work done at a job site has been put to-its intended üse by any person other than contractor or subcontractor working on the Same project. ■
Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.