| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON AS SUBROGEE OF L.G.O. PROPERTIES, LLC** | * | **NO. 2022-CA-0821** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| **VERSUS** | | **FOURTH CIRCUIT** |
| | * | |
| **DUXWORTH ROOFING AND SHEETMETAL, INC.** | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-09861, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

Michael K. Fitzpatrick
LAW FIRM OF MICHAEL K. FITZPATRICK
601 Poydras Street, Suite 2323
New Orleans, LA 70130

Edward Joseph Castaing, Jr.
Edward J. Lilly
Peter E. Castaing
CRULL CASTAING & LILLY
Pan American Life Center
601 Poydras Street
Suite 2323
New Orleans, LA 70130

      COUNSEL FOR THIRD PARTY-PLAINTIFF/APPELLANT

Jonathan B. Womack
Paula M. Wellons
TAYLOR WELLONS POLITZ & DUHE, APLC
1515 Poydras Street
Suite 2000
New Orleans, LA 70112

      COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLEE

**AFFIRMED**
**JULY 18, 2023**

Appellant/Third-Party Plaintiff, Duxworth Roofing and Sheetmetal, Inc. (hereinafter "Duxworth") seeks review of the trial court's September 27, 2022 judgment granting Appellee/Third-Party Defendant, James River Insurance Company's (hereinafter "James River") motion for summary judgment. After consideration of the record before this Court and applicable law, we affirm the trial court's September 27, 2022 judgment.[1]

## **FACTS AND PROCEDURAL HISTORY**

L.G.O. Properties, L.L.C. entered into a contract with Duxworth to perform roofing work at 4033 Tulane Avenue (hereinafter "the Tulane Building"). Duxworth's roofing work included the use of hot tools and the installation of a process called "torch down roofing" to repair a leak on the roof of the Tulane Building. On December 9, 2016, the Tulane Building was damaged in a fire (hereinafter "the December 2016 fire").

---

[1] The September 27, 2022 judgment omitted the necessary decretal language pursuant to La. C.C.P. art. 1918. In accordance with La. C.C.P. art. 1951, this Court ordered the trial court to amend its final judgment to include the proper decretal language. The trial court submitted an amended final judgment that included decretal language in accordance La. C.C.P. art. 1918 on June 16, 2023. This devolutive appeal stems from the June 16, 2023 judgment.

On October 12, 2017, Certain Underwriter at Lloyd's of London, as a subrogee of L.G.O. Properties, L.L.C. (hereinafter collectively "Lloyd's of London") filed a suit for damages naming Duxworth as a defendant. Lloyd's of London's petition alleges that Duxworth negligently used hot torches to perform roofing work on the Tulane Building thus causing the December 2016 fire. The petition also asserts that Duxworth failed to train its employees and take reasonable precautions to prevent damages to the Tulane Building. Duxworth answered the suit and filed a third party demand naming James River, its insurance provider, as a third party defendant.[2]

James River filed a motion for summary judgment arguing that the Commercial General Liability insurance policy (hereinafter "CGL policy") precludes Duxworth from receiving coverage. Specifically, James River maintains that the CGL policy excludes coverage for damages resulting from the use of torches to perform roofing work (hereinafter "the Torch Down Roofing Exclusion"). The CGL policy provides, in pertinent part:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
   ***

---

[2] In its third party demand, Duxworth maintains that James River is obligated to defend and indemnify it for claims made by Lloyd's of London.

## 2. Exclusions

This insurance does not apply to:

\*\*\*

### r. Any and All Torch Down Roofing Operations

> This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

James River's motion for summary judgment points out that Duxworth informed fire investigators that torches and hot tools were used to repair the roof of the Tulane Building.

Duxworth opposed James River's motion for summary judgment arguing that the CGL policy and Lloyd's of London's petition contains language that does not entitle James River to summary judgment. The opposition further submits that James River has a duty to indemnify Duxworth. The trial court initially denied James River's motion for summary judgment asserting the matter was not ripe for summary judgment. The trial court instructed the parties to take the deposition of a Duxworth employee present on the date of the December 2016 fire, James Duxworth III (hereinafter "Mr. Duxworth"), to determine if hot tools were used on the date of the December 2016 fire.[3] The matter was "recessed pending further discovery."

Following Mr. Duxworth's deposition, James River filed a second motion for summary judgment arguing its CGL policy with Duxworth excludes any form of work involving a hot torch to install a roof. James River asserts that although the

_____

[3] Mr. Duxworth's deposition was taken in another matter relating to the December 2016 fire. Both parties in the matter *sub judice* were represented during Mr. Duxworth's deposition.

exact cause of the December 2016 fire remains undetermined – the damages to the Tulane Building arose out of Duxworth's use of hot tools and torches to repair the roof. To support this contention, James River also attached the affidavit of a fire investigator, Christian Mulkey, which included copies of multiple investigation reports of the December 2016 fire. Duxworth's opposition asserts that genuine issues of material fact exist as James River has failed to establish that the December 2016 fire "arose out of" Duxworth's use of hot tools and torches.

The trial court granted James River's motion for summary judgment dismissing James River, without prejudice.[4] This devolutive appeal followed.

<u>**STANDARD OF REVIEW**</u>

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Plaquemines Par. Gov't v. Williams*, 2018-0675, p. 6 (La.App. 4 Cir. 12/19/18), 262 So.3d 1080, 1085. The applicable standard of review is as follows:

> Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under

---

[4] Following the signing of judgment by the trial court, Duxworth objected to the judgment. Duxworth's objection was that the September 27, 2022 judgment is contrary to the trial court's oral ruling during the September 16, 2022 hearing. A transcript from the September 16, 2022 hearing provides that the trial court dismissed James River without prejudice. However, the September 27, 2022 judgment states the following:

> **IT IS FURTHER ORDERED** that the **DISMISSAL** is without prejudice to the extent that Duxworth may assert other claims for coverage against James River Insurance Company.

Duxworth specifically objected to the language which added the following: the "may assert other claims for coverage against James River Insurance Company."

the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Flour Daniel Const.* Co., 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793.

## SUMMARY JUDGMENT

La. C.C.P. art. 966 provides that summary judgment is designed to secure the just, speedy, and inexpensive determination of every action. "The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law." *Reddick v. State*, 2021-0197, p. 6 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 508.

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id*. (citation omitted). "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id*. (citation omitted). Our Supreme Court has articulated the burden-shifting aspect involved in a motion for summary judgment as follows:

> [T]he burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39. Thus, if an adverse party fails to set forth specific facts demonstrating a genuine issue of material fact – summary judgment is rendered against the adverse party. *Lindsay v. Ports Am. Gulfport, Inc.*, 2023-0155, pp. 4-5 (La.App. 4 Cir. 4/17/13), 360 So.3d 184, 187.

## DISCUSSION

Duxworth asserts multiple assignments of error challenging the trial court's ruling on the motion for summary judgment on the following grounds: (1) genuine issues of material fact preclude the granting of summary judgment; (2) the Torch Down Roofing Exclusion relied upon by James River to deny coverage is ambiguous; and (3) James River has a duty to defend and indemnify Duxworth against claims asserted by Lloyd's of London. For ease of discussion, we divide Duxworth's assignments of error into two categories: (i) whether the language of the Torch Down Roofing Exclusion is ambiguous and (ii) duty to defend. We will address each separately.

**WHETHER THE LANGUAGE OF THE TORCH DOWN ROOFING EXCLUSION IS AMBIGUOUS**

Duxworth contends the phrase "arising out of" within the Torch Down Roofing Exclusion is ambiguous and that James River's CGL policy fails to define "Torch Down Roofing Operations." It maintains that James River has failed to show that the fire arose out of or was caused by Duxworth's use of hot tools and

torches to repair the Tulane Building's roof. Duxworth avers that these ambiguities create genuine issues of material fact that renders the trial court's granting of summary judgment inappropriate.

"Whether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework of a motion for summary judgment." *Wagner v. Tammany Holding Co., L.L.C.*, 2013-0374, p. 7 (La.App. 4 Cir. 10/9/13), 135 So.3d 77, 82 (quoting *Orleans Parish School Bd. v. Lexington Ins. Co.*, 2012-1686, pp. 8-10 (La.App 4 Cir. 6/5/13), 118 So.3d 1203, 1211-12)). "An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Burmaster v. Plaquemines Par. Gov't*, 2010-1543, p. 4 (La.App. 4 Cir. 3/30/11), 64 So.3d 312, 316 (citation omitted).

The extent of coverage is determined by the parties' intent as reflected by the words in the policy. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 1993-0911 (La. 1/14/94), 630 So.2d 759, 763 (citations omitted). In order to resolve ambiguous language within an insurance policy, the policy must be construed as a whole. *Id.* "[I]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Id.*, 1993-0911, 630 So.2d at 764 (citing La. C.C. art. 2046).

Our *de novo* review supports the trial court's finding that the Torch Down Roofing Exclusion precludes Duxworth from receiving coverage from James River. Although the phrases "arising out of" and "Torch Down Roofing" are not defined within the CGL policy, this fact alone does not make the Torch Down Roofing Exclusion ambiguous. *See Orleans Parish School Bd.*, 2012-1686, p. 13,

7

118 So.3d at 1214. Rather, this Court must give words and phrases their general meaning. *Id.*

Mr. Duxworth's deposition reveals that he was a part of the crew that was present and performing torch down roofing repairs to the Tulane Building on the day of the December 2016 fire. Mr. Duxworth testified that his team was instructed to repair a leak to the Tulane Building's roof which required the use of hot tools and torches, also known as "torch down" roofing. Mr. Duxworth concedes that hot tools and torches were used to install a flat torch down roof to the Tulane Building.

The deposition further indicates that a member of Mr. Duxworth's team noticed the fire inside the Tulane Building while performing repairs to the roof and called 911. He states the job was approximately 95% complete when the fire erupted. Although Mr. Duxworth notes that no hot tools or flame-torches were in use when the fire erupted, there is no dispute Duxworth used hot tools and torches to repair the roof of the Tulane Building. An investigative report of the December 2016 fire, attached to Mr. Mulkey's affidavit, explains that the December 2016 fire was a direct result of the use of hot torches on the roof of the Tulane Building.

Given the plain, ordinary, and generally prevailing meaning of the words "arise out of," it is clear that Lloyd's of London's claims against Duxworth arise out of and are derived from the property damage caused by the fire that occurred during the time Duxworth was performing ongoing torch down roofing installation. *See Orleans Parish School Bd.*, 2012-1686, p. 13, 118 So.3d at 1214; *see also Forrest as Tr. for Jack Thrash Forrest III Tr v. Ville St. John Owner Ass'n, Inc.* 2018-0175, pp. 16-17 (La.App. 4 Cir. 11/7/18), 259 So.3d 1063, 1073-74 (Agreeing with the proposition that the term "arising out of" is broader than the term "caused by" and implies originating from or having origin from or flowing

8

form. While the term "arising out of" does require a causal connection or relationship "it does not require proximate cause in the legal sense.") (internal citations omitted).

Further, we find Duxworth's contention that the James River's CGL policy fails to define "Torch Down Roofing" unpersuasive. Mr. Duxworth's deposition explains that the method Duxworth used to repair the Tulane Building's roof included the use of hot tools to "torch down white cap on top of the existing torch down." Although the Torch Down Roofing Exclusion does not define the term "Torch Down Roofing Operations" it is undisputed that hot tools and torches were used on the date of the December 2016 fire. *See Doer v. Mobil Oil Corp.*, 2000-0947, p. 5, (La. 12/19/00) 774 So.2d 119, 124 (When analyzing a policy provision, words, often being terms of art, must be given their technical meaning). A plain reading of the CGL policy between James River and Duxworth provides that the damages caused by the use of hot tools to perform roofing repairs, triggers the Torch Down Roofing Exclusion, and precludes coverage. Thus, we find the trial court did not err in granting James River's motion for summary judgment.

**DUTY TO DEFEND**

Duxworth also argues, that in accordance with the CGL policy, James River owes a duty to defend and indemnify it against claims asserted by Lloyd's of London. "Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims." *Yount v. Maisano*, 1993-1276 (La. 11/29/1993), 627 So.2d 148, 153. "The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* (citations omitted). A duty to defend is

9

determined solely from the plaintiff's pleadings and on the face of the policy. *Collier v. Williams-McWilliams Co. Inc.*, 459 So.2d 719, 724 (La.App. 4th Cir. 1984).

James River's CGL policy provides: "we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Lloyd's of London's petition alleges that Duxworth failed to safely use hot torches to perform roofing work on the Tulane Building. As discussed, the Torch Down Roofing Exclusion unambiguously excludes these claims. This Court has determined that when an exclusion to a policy is applicable, the insurer owes no duty to defend or indemnify the insured. *See Crabtree v. Hayes-Dockside, Inc.*, 612 So.2d 249, 253 (La.App. 4th Cir. 1992). Thus, we find James River owed no duty to defend and indemnify Duxworth for the claims asserted by Lloyd's of London.

## CONCLUSION

We find no genuine issue of material facts exists as to whether the James River's Torch Down Roofing Exclusion applies. Although the exact cause of the December 2016 fire is undetermined – the pleadings, affidavits, depositions, and evidence indicate that a fire arose during Duxworth's ongoing use of hot tools and torches to repair the Tulane Building's roof – an activity excluded by James River's CGL policy. Thus, the trial court did not err in sustaining James River's motion for summary judgment and determining that the Torch Down Roofing Exclusion prevents coverage from the use of torch down roofing operations.

## **DECREE**

For the foregoing reasons, we affirm the amended September 27, 2022 judgment of the trial court granting James River's motion for summary judgment dismissing James River.

**AFFIRMED**