WASHINGTON DOS SANTOS      *      NO. 2023-C-0559

VERSUS      *

     COURT OF APPEAL

USAA CASUALTY      *

INSURANCE COMPANY,      FOURTH CIRCUIT

GOVERNMENT EMPLOYEES      *

INSURANCE COMPANY AND      STATE OF LOUISIANA

CARRIE ANN RAINEY      * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07550, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT.**

Kevin O'Bryon
O'Bryon & Schnabel, PLC
935 Gravier Street, Suite 900
New Orleans, LA 70112

     COUNSEL FOR RELATOR

Wade Webster
Chaffe McCall, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

     COUNSEL FOR RESPONDENT

         **WRIT GRANTED; JUDGMENT REVERSED**
         **SEPTEMBER 18, 2023**

Relator, Government Employees Insurance Company (hereinafter "GEICO"), seeks review of the trial court's July 12, 2023 judgment denying its motion for partial summary judgment. After consideration of the record before this Court, and the applicable law, we grant the writ and reverse the judgment of the trial court denying GEICO's motion for partial summary judgment.

**Relevant Facts and Procedural History**

On August 19, 2022, Respondent, Washington Dos Santos, filed a petition for damages asserting damages as a result of a motor vehicle accident. Respondent named GEICO as a defendant in its capacity as the uninsured/underinsured motorist insurer of the vehicle he was operating at the time of the accident. In his petition for damages, Respondent asserted that GEICO violated Louisiana's penalty statutes. Specifically, La. R.S. 22:1892 and La. R.S. 22:1973, which requires that an insurer be fair in its handling of claims and tender payment when satisfactory proof of loss is established. Respondent supplemented his petition for damages alleging that GEICO acknowledged receipt of the proof of claim but failed to tender payment.

1

On April 23, 2023, GEICO filed a motion for partial summary judgment asserting that Respondent's claim under his insurance policy contract dictates that all claims are subject to North Carolina law and therefore, Louisiana's penalty statutes are inapplicable. GEICO also maintained that a claim asserted against a foreign uninsured/underinsured motorist policy is subject to the law of the state of issuance. GEICO averred that the policy was issued to Respondent at a North Carolina address; Respondent has a North Carolina driver's license; and the vehicle is registered in North Carolina. GEICO attached Respondent's insurance policy; portions of Respondent's deposition transcript; and the police report from the motor vehicle accident at issue to its motion for partial summary judgment.

Respondent opposed the motion arguing that Louisiana's public policy favors penalties against insurance companies that refuse to pay their insured. Respondent asserted that at the time of the accident he had recently become a Louisiana resident, the accident occurred in Louisiana and the adverse driver is a Louisiana resident. Thus, according to Respondent, Louisiana law is applies.

By judgment dated July 12, 2023, the trial court denied GEICO's motion for partial summary judgment. The trial court denied the motion based on its determination that Respondent was a Louisiana resident at the time of the accident. This application for supervisory review followed.

## Discussion

The sole issue before this Court is whether the trial court erred in denying GEICO's motion for partial summary judgment.

Appellate courts review a trial court's decision to grant or deny a motion for summary judgment *de novo*. This Court has previously set forth the applicable standard of review as follows:

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citations omitted). Our Supreme Court has articulated the following burden-shifting guidelines when considering a motion for summary judgment:

[T]he burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So.2d 37, 39. Thus, if an adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment is rendered against the adverse party.

GEICO maintains the trial court erred in denying its motion for partial summary judgment because the insurance policy specifically mandates Respondent's claim is subject to North Carolina law and thus, Louisiana's penalty

statutes are inapplicable. GEICO also asserts that North Carolina law applies because at the time of the accident the policy was issued in North Carolina; Respondent has a North Carolina driver's license; and the vehicle is registered in North Carolina. Thus, according to GEICO, there is no genuine issue of material fact as to which state law applies to Respondent's claim.

Respondent's policy provides, in pertinent part:

> This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

"Whether an insurance policy provides for, or precludes, coverage as a matter of law is an issue that can be resolved within the framework of a motion for summary judgment." *Wagner v. Tammany Holding Co., L.L.C.*, 2013-0374, p. 7 (La.App. 4 Cir. 10/9/13), 135 So.3d 77, 82 (quoting *Orleans Parish School Bd. v. Lexington Ins. Co.*, 2012-1686, p. 9 (La.App 4 Cir. 6/5/13), 118 So.3d 1203, 1212)). "An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Burmaster v. Plaquemines Par. Gov't*, 2010-1543, p. 4 (La.App. 4 Cir. 3/30/11), 64 So.3d 312, 316 (citation omitted). The extent of coverage is determined by the parties' intent as reflected by the words in the policy. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 1993-0911 (La. 1/14/94), 630 So.2d 759, 763 (citations omitted). In order to resolve ambiguous language within an insurance policy, the policy must be construed as a whole. *Id.* "[I]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Id.*, 1993-0911, 630 So.2d at 764 (citing La. C.C. art. 2046).

4

Our *de novo* review finds that Respondent's insurance policy mandates application of North Carolina law. The language in the policy is clear and unambiguous thus, it must be enforced as written. *Louisiana Ins. Guar. Ass'n*, 1993-0911, 630 So.2d at 764. Respondent does not dispute that the insurance policy provides that North Carolina law is applicable to any claims. Rather, he maintains that Louisiana's public policy interest outweighs implementation of North Carolina law because North Carolina has no real interest in the outcome of this matter. We find this argument unpersuasive. "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054, p. 8 (La. 5/22/07), 956 So.2d 583, 589. The language contained in GEICO's policy with Respondent are clear, North Carolina law applies to any disputes or claims.

## Conclusion

Accordingly, we find GEICO has satisfied its burden of establishing that the language of the contract of insurance is clear and unambiguous and that North Carolina law applies. Therefore, we reverse the trial court's July 12, 2023 judgment denying GEICO's motion for partial summary judgment.

**WRIT GRANTED; JUDGMENT REVERSED**