JAMES BROQ

VERSUS

XAVIER UNIVERSITY OF
LOUISIANA AND THE GREEN
PROJECT, INC.

\* NO. 2024-CA-0755

\*

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-00006, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Karen K. Herman)

Pride J. Doran
Quincy L. Cawthorne
Raven C. Boxie
Micaela Simpson
DORAN & CAWTHORNE, P.L.L.C.
529 East Landry Street (70570)
P.O. Box 2119
Opelousas, LA 70571

COUNSEL FOR PLAINTIFF/APPELLANT

Richard A. Bordelon
Ian P. Gunn
Todd R. Gennardo
Dylan K. Knoll
DENECHAUD AND DENECHAUD, L.L.C.
201 St. Charles Avenue
Suite 3920
New Orleans, LA 70170

COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED
APRIL 1, 2025**

DLD
JCL
KKH

In this personal injury action, the plaintiff, Broq James, appeals the trial court's granting of summary judgment in favor of the defendant, Xavier University of Louisiana ("Xavier"), and the dismissal with prejudice of his claims against Xavier. For the following reasons, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

On January 18, 2020, Mr. James volunteered for a community service project that Xavier coordinated with The Green Project, Inc. ("TGP"), a non-profit organization, in observance of Xavier's Martin Luther King, Jr. Day of Service. Xavier requires all students to participate in a certain number of volunteer hours in order to graduate. Participation in the Martin Luther King Day, Jr. Day of Service was additionally a prerequisite for participation in the student government association at Xavier. Xavier also provided transportation for Mr. James to the site of the service project. Mr. James was injured during the service project while he was moving and re-arranging salvaged doors when several stacked doors fell on him.

1

Mr. James filed a petition for damages due to negligence on January 4, 2021, naming Xavier and TGP as defendants. Xavier filed an answer on February 25, 2021. On June 10, 2024, Xavier filed a motion for summary judgment, arguing that it did not have *garde* of the premises where Mr. James was injured. On July 11, 2024, Mr. James filed his opposition to the motion for summary judgment, maintaining that the only theory of liability he alleged against Xavier was negligence tied to a duty of care. A hearing on the motion for summary judgment took place on July 26, 2024. The trial court rendered summary judgment in favor of Xavier on August 12, 2024, and dismissed Mr. James' claims with prejudice. It is from this judgment that Mr. James now appeals.

**DISCUSSION**

On appeal, Mr. James raises the following assignments of error: (1) the trial court erred in granting Xavier's motion for summary judgment and, in effect, dismissing all of Mr. James' claims; (2) the trial court erred in finding that the issue of *garde* is a primary consideration; and (3) the trial court erred in finding that Xavier's actions were not negligent.

The appropriate appellate standard of review on a motion for summary judgment is a *de* novo standard of review. *See Guilbeaux v. Lupo Enter., L.L.C.*, 21-0053, p. 4 (La. App. 4 Cir. 5/19/21), 321 So.3d 447, 451. This Court stated:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate

2

success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.* at pp. 4-5, 321 So.3d at 451-52 (quoting *Chatelain v. Flour Daniel Const. Co.*, 14-1312, p. 3 (La. App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

La. C.C.P. art. 966(D)(1) states:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La. C.C.P. art. 966(D)(1).

In the instant case, Mr. James argues that La. C.C. art. 2315 negligence (duty of care) should apply, while Xavier argues that La. C.C. art. 2317 negligence (premises liability) should apply as Xavier was not the owner of the premises where the injury occurred and did not have control or *garde* over the site. Mr. James argues that Xavier owed a duty to him to ensure that the selected project location was safe for him and other students who volunteered to work at the various sites that Xavier selected. Mr. James further contends that this duty was breached and such breach caused the injuries he sustained at TGP.

To prevail on a negligence claim in Louisiana, plaintiffs are required to establish five elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (duty element), (2) proof that the defendant's

3

conduct failed to conform to the appropriate standard (breach element), (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (cause-in-fact element), (4) proof that the defendant's standard of conduct was a legal cause of the plaintiff's injuries (proximate cause element), and (5) proof of actual damages (damages element). *Desselle v. State Farm Mut. Auto. Ins. Co.*, 21-553, pp. 5-6 (La. App. 5 Cir. 6/8/22), 343 So.3d 895, 899 (citations omitted).

Mr. James' participation at TGP was solely through an organized university program. Xavier required students to participate in community service in order to graduate. Xavier selected each community service location and arranged for students to volunteer at every project location. Xavier organized the event, provided transportation to and from the site, and tracked student participation through volunteer logs. However, during the hearing on the motion for summary judgment, the trial court opined: "This wasn't a project that was related to the university, as I understand it." This statement appears to be contrary to the facts of this case.

In its appellate brief, Xavier admits that "TGP acted negligently throughout this process: failing to ensure all volunteers adhered to their safety instructions, failing to supervise volunteers engaged in physical lifting, allowing volunteers to work with a potential safety hazard, and failing to assist Mr. James while he was lifting doors by himself." This admission raises many questions concerning what policies and procedures, if any, Xavier employed in screening the service projects that were selected for its students to choose.

Based on the record before this Court, there appear to be a number of genuine issues of material facts concerning the incident that occurred on January

4

18, 2020, which led to Mr. Mr. James' injuries. There are questions regarding whether Xavier owed a duty to review and make safety assessments for the service projects to which it directed its students; whether that potential duty was breached and whether that potential breach caused Mr. James' injuries. The issue of *garde* should not have been the deciding factor in granting summary judgment. The questions of duty and breach of duty under La. C.C. art. 2315 should have precluded the granting of summary judgment in this case.

**CONCLUSION**

For the above and foregoing reasons, we reverse the trial court's granting of Xavier's motion for summary judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**