| | | |
|---|---|---|
| **BAYOU CONSTRUCTION &** | * | **NO. 2025-CA-0599** |
| **TRUCKING CO., L.L.C.** | | |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **OHIO SECURITY INSURANCE** | | **FOURTH CIRCUIT** |
| **COMPANY, WEST** | * | |
| **AMERICAN INSURANCE** | | **STATE OF LOUISIANA** |
| **COMPANY, LIBERTY** | * * * * * * * | |
| **MUTUAL INSURANCE** | | |
| **COMPANY, BOSCO** | | |
| **TRUCKING, LLC, AND** | | |
| **QUIANA WASHINGTON** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06497, DIVISION "D-12"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase,
Judge Monique G. Morial)

Randall A. Smith
Andre M. Stolier
Reagan R. Wilty
John C. Walsh
SMITH & FAWER, LLC
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/APPELLANT

Pamela Croft
LAW OFFICE OF BRAD J. BRUMFIELD
P.O. Box 7217
London, KY 40742

      COUNSEL FOR DEFENDANTS/APPELLEES

      **REVERSED AND REMANDED**
      **MARCH 9, 2026**

Bayou Construction & Trucking Co., LLC (hereinafter "Bayou Construction") seeks review of the trial court's May 21, 2025 judgment granting the motion for summary judgment filed by West American Insurance Company, Bosco Trucking, LLC and Quiana Washington (hereinafter collectively "Defendants"). After consideration of the record before this Court and the applicable law, the May 21, 2025 judgment of the trial court is reversed and the case remanded for further proceedings.

## Facts and Procedural History

On December 31, 2020, a motorist reported a fire in a trucking parking lot in Port Sulphur, Louisiana between three commercial dump trucks. One truck was owned by Bosco Trucking, LLC (hereinafter "Bosco") and two trucks were owned by Bayou Construction. All three trucks were completely destroyed in the fire. There were no surveillance cameras in the lot and the trucks were parked in the lot for approximately one week without being moved or started.

On January 4, 2021, the Office of State Fire Marshal lead investigator, Deputy Lewis Frost (hereinafter "Deputy Frost") reported to the scene to

1

investigate the fire. In conjunction with the investigation, Deputy Frost conducted interviews of the following: (1) Chad Jarreau (hereinafter "Mr. Jarreau"), owner and insured of Bayou Construction; (2) Quiana Washington, owner and insured of Bosco; (3) Dante Harris, driver of the Bosco truck; and (4) Ralph Brooks, the motorist who reported the fire. Deputy Frost's report explained the investigation, including fire patterns and flammables involved. He determined that he was unable to conclusively establish the "initial ignition sequence." Deputy Frost concluded that the origin of the fire was "undetermined."

Gary Jones (hereinafter "Mr. Jones") a fire investigator with EFI Global, Inc. was hired to investigate the fire by Custard Insurance Adjusters, an insurer for Bayou Construction. In his report, Mr. Jones noted that "[t]he directional burn patterns do show that the [Bayou Construction truck] was the first to be extinguished supporting the hypothesis it was damaged by exposure to the [other] burning [Bayou Construction truck]." He observed that the Bosco truck was "disproportionately affected" on the driver side, compared to the passenger side, "with increased burning to the tires and the fuel tank" on the left side. He found two working hypotheses as the origin of the fire based on the evidence: (1) "[a]n adverse electrical event in a non-protected or safety circuit that remains energized absent the ignition switch being engaged" or (2) "[s]ome form of human involvement either deliberate or unintentional." Mr. Jones concluded that the origin of the fire could not be established due to the extent of the damage.

Van Joffrion (hereinafter "Mr. Joffrion"), a fire investigator with New England Fire Cause and Origin, was hired to investigate the fire by Bosco's insurer, Liberty Mutual Insurance Company. He examined the Bosco truck but, did not receive authorization to examine the Bayou Construction trucks. During his

2

deposition, Mr. Joffrion testified that the Bosco truck was positioned to the left, with the two Bayou Construction trucks immediately adjacent to the Bosco truck. As part of his investigation, Mr. Joffrion reviewed the Office of State Fire Marshal's report and the EFI Global report. While noting that human activity could not be ruled out as the cause of the fire, Mr. Joffrion concluded that "neither the point of origin nor the cause could be determined based on the fire patterns and the firewall and battery compartment" of both trucks.

On July 23, 2021, Bayou Construction filed a petition for damages against Defendants asserting that the fire originated in the Bosco truck and spread to the Bayou Construction trucks, causing the total loss of the trucks. Bayou Construction contended that the Bosco truck had a well-documented history of mechanical and electrical issues. Bayou Construction asserted claims for negligence and failure to exercise reasonable care, maintaining that, under the doctrine of *res ipsa loquitur*, Defendants failed to exercise reasonable care to prevent the fire.

On November 25, 2024, Defendants filed a motion for summary judgment arguing that there was no genuine issue of material fact regarding the origin of the fire because the investigations revealed that the origin of the fire could not be determined due to the extensive damage to the trucks. Therefore, according to Defendants, Bayou Construction would be unable to establish the origin of the fire and thus fail to meet its burden of proof as to the causation element of negligence. To its motion for summary judgment, Defendants attached the deposition transcripts of Deputy Frost and Mr. Joffrion. Bayou Construction opposed the motion asserting that a genuine issue of material fact remained regarding whether the fire originated in the Bosco truck. Bayou Construction argued that the cumulative circumstantial evidence raised a triable issue of fact that the fire could

3

have been caused by an internal electrical malfunction in the Bosco Truck. To its opposition, Bayou Construction attached the affidavit and EFI Global report of fire investigator, Mr. Jones; deposition transcripts of Mr. Jarreau, Deputy Frost and Mr. Joffrion; and the Office of State Fire Marshal incident report completed by Deputy Frost. By judgment dated May 21, 2025, the trial court granted Defendants' motion for summary judgment and found that because all reports indicate that the cause of the fire is "not determinable," no genuine issue of material fact exists regarding the origin of the fire. This appeal followed.

**Standard of Review**

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.*, 2021-0197, p. 5, 328 So.3d at 507-08 (quoting *Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

4

## Discussion

On appeal, Bayou Construction asserts that a genuine issue of material fact remains as to whether the Bosco truck caused the fire which damaged Bayou Construction's trucks. It maintains that the circumstantial evidence it presented creates a genuine issue of material fact regarding the origin of the fire and that the trial court erred by weighing evidence.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file, and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508.

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id*. "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id*. (citations omitted). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So. 3d 1265, 1270. La. C.C.P. art 966(D)(1) provides that:

> The burden of proof rests with the mover [on a motion for summary judgment]. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court

on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

Bayou Construction maintains that summary judgment is not appropriate because circumstantial evidence creates a genuine issue of material fact as to the origin of the fire. In civil cases, "the plaintiff must prove [his] case by a preponderance of the evidence." *Tomlinson v. Landmark Am. Ins. Co.*, 2015-0276, p. 7 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 159. The plaintiff's burden of proof may be met with either direct or circumstantial evidence and circumstantial evidence may be used to defeat summary judgment. *Id*., 2015-0276, pp. 7-8, 192 So.3d at 159. "When circumstantial evidence is relied on, the evidence taken as a whole must exclude every other reasonable hypothesis with a fair amount of certainty but does not have to negate every other possible hypothesis." *Id*., 2015-0276, p. 7, 192 So.3d at 159 (citation omitted). This Court has stated the following regarding summary judgment and circumstantial evidence:

> In determining when circumstantial evidence leaves an issue ripe for a jury or other trier of fact, this Court acknowledges that the question of "whether one of the proposed alternative [causes] presents a sufficiently reasonable hypothesis and the question of whether the circumstantial evidence did not exclude these [causes] with a fair amount of certainty are factual ones, which are not appropriate for summary judgment."

6

*Id.*, 2015-0276, p. 8. 192 So.3d at 159 (quoting *Wood v. Becnel*, 2002-1730, p. 6 (La.App. 4 Cir. 2/26/03), 840 So.2d 1225, 1228) (citation omitted). As the mover on the motion for summary judgment, the initial burden rests with Defendants to demonstrate the absence of a genuine issue of material fact. Bayou Construction's claims are based in negligence and therefore, it is required to prove that Defendants were negligent under La. C.C. art. 2315.[1] Since Defendants will not bear the burden of proof at trial, they are only required to identify a lack of factual support as to one or more elements essential to Bayou Construction's claims. The standard negligence analysis used in determining whether to impose liability under La. C.C. art. 2315 is the duty-risk analysis.

Defendants' motion for summary judgment focuses on the causation element of the duty-risk analysis. Bosco contends that it does not bear responsibility for the fire because all three fire investigators concluded that the origin of the fire could not be determined. The EFI Global report indicates that the Bosco truck was "disproportionately affected" on the driver side, compared to the passenger side, "with increased burning to the tires and the fuel tank" on the left side. The report explains that the physical burn patterns correspond with the statement of the witness who reported the fire was between the Bosco truck and one of the Bayou Construction trucks. Additionally, it provides that the battery system and cables in the Bayou Construction truck exhibited no evidence of an adverse event to initiate combustion but, noted the Bosco truck battery compartment and cables were too

---

[1] "The Louisiana Supreme Court has adopted a 'duty-risk' analysis for assigning tort liability under a [La. C.C. art. 2315] negligence theory. This theory requires a plaintiff to establish that (1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached." *Doe v. McKesson*, 2021-00929, p. 7 (La. 3/25/22), 339 So.3d 524, 531 (citations omitted).

damaged to render an opinion. The EFI Global report also does not exclude human interaction as a cause which could have contributed to the fire. Further, Mr. Jarreau testified that the Bayou Construction trucks had no history of electrical problems and that he witnessed Dante Harris working on the Bosco truck, in the area where the fuse box is located, approximately one week before the fire. Mr. Joffrion also testified that due to the damage, electrical failure by either the Bosco truck or the Bayou Construction truck could not be ruled out.

A review of the record demonstrates that there is a genuine issue of material fact regarding whether Bosco's truck was the origin of the fire. While the fire investigators all concluded that the origin of the fire could not be determined because of the extensive damage to the trucks, this conclusion does not completely absolve Defendants from liability. There are a chain of reasonable inferences which suggest that the origin of the fire could not be conclusively determined. All the investigators also concluded that human involvement could not be definitively ruled out. The circumstantial evidence submitted by Bayou Construction, in opposition to the motion for summary judgment, sufficiently creates a genuine issue of material fact as to the origin of the fire and thus, causation. A trier of fact "should determine whether the circumstantial evidence excludes with a fair, but not absolute, amount of certainty all reasonable hypotheses" for the cause of the fire. *See Wood*, 2002-1730, p. 8, 840 So.2d at 1229. Summary disposition is not appropriate based on the facts of this case as a genuine issue of material fact remains regarding the origin of the fire. We find the trial court erred in granting summary judgment in favor of Defendants.

## Decree

For the foregoing reasons, the May 21, 2025 judgment of the trial court is reversed and the case remanded for further proceedings.

**REVERSED AND REMANDED**